UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No: 1:11-CR-9 |
| v. | ) | |
| | ) | |
| RACHEL CASEY | ) | Chief Judge Curtis L. Collier |
| | ) | |

**MEMORANDUM**

Before the Court is Defendant Rachel Casey's ("Defendant") motion to remain on bond pending appeal (Court File No. 101). The Government filed a response in opposition to Defendant's motion to remain on bond pending appeal (Court File No. 103). Subsequently, Defendant filed a motion to expedite the Court's ruling and/or to extend Defendant's deadline to self-report (Court File No. 110). After carefully considering the arguments raised at Defendant's sentencing and in the parties' filings with the Court, the Court will **DENY** Defendant's motion to remain on bond pending appeal (Court File No. 101), and **GRANT IN PART** Defendant's motion to expedite the Court's ruling and/or to extend Defendant's deadline to self-report (Court File No. 110). Specifically, the Court will **GRANT** Defendant's request for an additional thirty days to self-report and order Defendant to surrender to serve her sentence by **2:00 p.m.** on **November 14, 2011**.

**I.     RELEASE PENDING APPEAL**

Defendant was sentenced on September 8, 2011, and is currently on bond. She is scheduled to self-report on October 14, 2011. Defendant has filed a notice of appeal regarding her sentence (Court File No. 106) and asks this Court to allow her to remain on bond pending the appeal of her sentence. Alternatively, Defendant requests an extension of her deadline to self-report. Defendant

contends she is not a danger to the community or a flight risk, and the issues to be raised on appeal constitute substantial questions of law and fact likely to result in a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.[1]

Pursuant to Fed. R. Crim. P. 46(c), the provisions of 18 U.S.C. § 3143 govern release pending appeal with the burden resting on the defendant. Under § 3143(b), a judicial officer shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment be detained, unless certain conditions are met. This provision creates a presumption a defendant who is convicted of a crime may not be released pending her appeal unless she shows by clear and convincing evidence she is not likely to flee or pose a danger to the community. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). An individual may be released pending appeal if a judicial officer finds by clear and convincing evidence the "person is not likely to flee or pose a danger" to the community, and the appeal is not for the purpose of delay and "raises a substantial question of law or fact likely to result in" a reversal, new trial, sentence that does not include imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

### A. Not Likely to Flee or Pose a Danger to the Community

The Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community under 18 U.S.C. § 3143(b)(1)(A). As noted by Defendant's counsel,

---

[1] The Court does not contest Defendant's argument that its motion was not filed for purposes of delay. Moreover, also pursuant to 18 U.S.C. § 3143(b), the Court acknowledges Defendant has not been found guilty of an offense in subparagraphs (A), (B), or (C) of 18 U.S.C. § 3142(f)(1) that would require detention. Therefore, these issues will not be explicitly addressed in this memorandum.

2

Defendant had no criminal history prior to her involvement in the instant offense. Defendant has been on pretrial release and has complied with the conditions of release and made all necessary court appearances. She is employed and has significant family responsibilities, including the care of her two-year-old son. Finally, at sentencing, the Government acknowledged that Defendant is unlikely to have future problems with the law. All of these factors leads the Court to conclude Defendant is unlikely to be a flight risk or pose a danger to the community.

### B. Appeal Does Not Raise Substantial Question of Law or Fact

The Court finds that Defendant has failed, however, to establish that her appeal raises a substantial question of law or fact likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. The issues Defendant intends to raise on appeal are that the Court committed procedural error for failing to adequately consider the factors of 18 U.S.C. § 3553(a) and for failing to adequately explain why a sentence less than imprisonment would not be "sufficient, but not greater than necessary" to accomplish the purposes of sentencing. Moreover, Defendant intends to argue Defendant's sentence was substantively unreasonable. The Government objects to Defendant's motion to remain on bond pending appeal, however, because it believes Defendant neglected to raise a substantial question of law or fact likely to result in a new sentence.

As to 18 U.S.C. § 3143(b)(1)(B), an "appeal raises a substantial question when the appeal presents a close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (internal citation and quotations omitted). Courts have also held that a substantial question is a question that is "either novel," has not been "decided by controlling precedent," or is "fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985); *see also*

3

Case 1:11-cr-00009-TRM-SKL   Document 111   Filed 10/13/11   Page 3 of 7   PageID #: 313

*United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). The Court is not required to find "it committed reversible error" nor must it find the defendant is "likely or probable" to prevail on appeal. *Pollard*, 778 F.2d at 1181-82; *United States v. Powell*, 761 F.2d 1227, 1234 (8th Cir. 1985). However, the question should be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182 (internal citation and quotations omitted). Thus, not only must the question be substantial, but the resolution of the question on appeal must likely result in a reversal, new trial, sentence that does not include imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

Given the nature of Defendant's appeal, the Sixth Circuit will review this Court's decision for both procedural and substantive reasonableness. *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006). Procedural reasonableness requires that the Court adequately consider the § 3553(a) factors, including a properly calculated Guidelines range. *See United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 339 (2007) ("[T]he sentencing judge should articulate enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). Substantive unreasonableness can be shown when the Court "selects the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).

4

As to procedural reasonableness, Defendant contends the Court failed to adequately consider the 3553(a) factors and failed to adequately explain why a sentence less than imprisonment would not be "sufficient, but not greater than necessary" to achieve the purposes of sentencing. The process this Court has followed since *United States v. Booker*, 543 U.S. 220 (2005), is to identify the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a), after determining the proper Guidelines range and deciding the appropriateness of any departures. *United States v. Phelps*, 366 F. Supp. 2d 580, 584-86 (E.D. Tenn 2005). Here, the Court determined the properly calculated Guidelines range for Defendant was eight to fourteen months. The Court then granted the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and departed by three levels, which resulted in a revised Guidelines range of zero to six months. Defendant moved for a probationary sentence. However, after considering Defendant's arguments and the § 3553(a) factors, the Court ultimately denied Defendant's motion and imposed a sentence of six months imprisonment.

Contrary to Defendant's arguments, the Court gave adequate consideration to the § 3553(a) factors relevant in this case. The Court considered the "history and characteristics of the defendant" as well as the "nature and circumstances of the offense." § 3553(a)(1). In particular, the Court considered defense counsel's arguments regarding Defendant's background and lack of criminal history. However, the Court placed considerable weight on the seriousness of Defendant's crime. Defendant engaged in a scheme with two other codefendants to commit wire fraud, a crime that involved fraud, deception, and dishonesty, and that had multiple victims. The Court considered the "need for the sentence imposed," including the need to provide just punishment and adequate deterrence. § 3553(a)(2). The Court also considered the advisory guidelines range. § 3553(a)(4).

Finally, the Court considered other § 3553(a) factors, such as the need to provide restitution to victims (here, in the amount of $9,314.02) and, in light of Defendant's arguments for a probationary sentence, other kinds of sentences available.[2] Ultimately, the Court determined a sentence of six months imprisonment, which was at the higher end of the advisory Guidelines range, was "sufficient, but not greater than necessary" to achieve the purposes of sentencing. Because the Court thoroughly considered the § 3553(a) factors and provided an explanation for its decisionmaking process, it is highly unlikely Defendant will be able to demonstrate the Court's sentence is either procedurally or substantively unreasonable. Moreover, because Defendant has failed to show how her appeal presents a substantial question of law or fact, such a question would not likely result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Accordingly, the Court will **DENY** Defendant's motion to remain on bond pending appeal (Court File No. 101).

## II. EXTENSION OF TIME TO SELF-REPORT

Defendant seeks an extension of time for an additional thirty days to self-report if the Court finds Defendant is not entitled to release on bond pending appeal. For good cause shown, the Court **GRANTS** Defendant's request for an extension of time to self-report. The Court orders Defendant

---

[2] Defendant argues the Court failed to consider 28 U.S.C. § 994(j) for the policy argument that a sentencing court should generally impose a sentence other than imprisonment for first-time offenders who have not committed violent crimes or other serious offenses. However, the Sixth Circuit has held reliance on 28 U.S.C. § 994(j) for this purpose is "misguided," for "that provision is directed towards the U.S. Sentencing Commission, not the judiciary." *United States v. Rogers*, 401 F. App'x 78, 81 (6th Cir. 2010).

6

to surrender to serve her sentence by **2:00 p.m.** on **Monday, November 14, 2011**.

### III. CONCLUSION

Accordingly, the Court will **DENY** Defendant's motion to remain on bond pending appeal (Court File No. 101), and **GRANT IN PART** Defendant's motion to expedite the Court's ruling and/or to extend Defendant's deadline to self-report (Court File No. 110). Specifically, the Court will **GRANT** Defendant's request for an additional thirty days to self-report and order Defendant to surrender to serve her sentence by **2:00 p.m.** on **November 14, 2011**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**